UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY ALLEN VANDYKE,

        Plaintiff,

v.                                                                                                  Case No. 4:05-cv-0047

                                                                               Hon. Wendell A. Miles

STEWART SUTHERLAND BAG CO.,

        Defendant.

_____/

OPINION AND ORDER

This matter is before the court on Defendant Stewart Sutherland Bag Company's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and Motion for Summary Judgment pursuant to FED. R. CIV. P. 56(b). On April 20, 2005, Ricky Allen VanDyke filed this action without benefit of counsel alleging violations of his employment rights. Mr. VanDyke responded to Defendant's Motion with a Motion to Proceed [and] Motion for a discovery conference. For the reasons that follow, the court denies the Plaintiff's Motion to Proceed [and] Motion for a discovery conference (Dkt. # 11); and, grants Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and Motion for Summary Judgment pursuant to FED. R. CIV. P. 56(b) (Dkt. # 7), except that it denies Defendant's request for sanctions under Federal Rule of Civil Procedure 11.

Background

Mr. VanDyke ("Plaintiff") began working as a packer for Stewart Sutherland Bag Company ("Defendant") in July 1999. Plaintiff had, or developed, a degenerative disc disease.

On August 29, 2002, he informed Defendant of certain medical restrictions due to his disc problem.  Thereafter, Defendant allegedly began subjecting Plaintiff to unfair discipline.  On June 6, 2003, Plaintiff was given permission to take the day off, but on June 8, 2003, he was given a disciplinary suspension for being a "no show" on June 6.  On June 10, 2003, Plaintiff was discharged, purportedly due to attendance issues, allegations of being in possession of an illegal substance while at work, and insubordination.  Plaintiff contends that his disability was the real reason for his discharge from employment.

On November 10, 2003, Plaintiff filed a charge with the Michigan Department of Civil Rights and the United States Equal Opportunity Commission ("EEOC") based upon the Americans with Disability Act and Michigan Persons with Disabilities Act.  The Michigan Department of Civil Rights claim was assigned number 313275, and the EEOC claim was assigned number 23AA400304.  Plaintiff claimed he was discriminated against because of "disability, history of disability and/or perception of disability."  On December 9, 2004, the Michigan Department of Civil Rights dismissed the charge for insufficient evidence.  On February 9, 2005, the EEOC issued a Dismissal and Notice of Rights stating it had adopted the State's findings and advised Plaintiff of his right to sue in federal court.

Plaintiff had also filed a Workers' Compensation claim, and was represented by counsel in the matter.  On December 22, 2004, Plaintiff signed an "Agreement to Redeem Liability" ("Agreement") under which Plaintiff agreed to accept $13,500 in redemption and settlement of all liability under Michigan's Workers' Compensation Act.  In conjunction with the Agreement, Plaintiff signed a "Resignation of Employment, Waiver of Seniority, and Release of All Claims" ("Resignation").  In the Resignation, Plaintiff acknowledged that he  "thoroughly reviewed, fully

understand and voluntarily accept all aspects and provisions" of the Resignation. (Resignation at # 9).  He agreed "to withdraw any pending claims, including the Michigan Department of Civil Rights claim number 313275, EEOC claim number 23AA400304," three claims filed with the National Labor Board, "or any other claim."  (Resignation at # 10).   Finally, he agreed to "forever release and discharge" Defendant from "any and all claims, grievances, arbitrations, demands, causes of action, losses, and expenses of every nature" arising out of his employment or termination.  (Resignation at # 2).  Plaintiff's signature on the Resignation was witnessed by his Workers' Compensation attorney.

Plaintiff is suing Defendant under the (1) Age Discrimination in Employment Act (ADEA), (2) Title VII of the Civil Rights Act, (3) Equal Pay Act, (4) Rehabilitation Act, (5) Americans with Disabilities Act (ADA), (6) Michigan or Federal Handicappers' Right Acts, (7) Michigan's Elliot Larsen Civil Rights Act, (8) Title 5, § 2302(c); and additionally for, (8) breach of contract [express or implied], (9) wrongful discharge, (10) intentional or negligent infliction of emotional harm or other tort, (11) any other federal, state or municipal statute or ordinance relating to discrimination in employment, (12) any breach of the covenant of good faith and fair dealing, (13) any act of defamation, (14) invasion of privacy, and (16) violations of the first, fourth, sixth and fourteenth amendments of the Constitution. (Complaint at ¶ 3). With the exception of the alleged Constitutional violations, all of the other causes of action are specifically referred to in the Resignation.

## Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's jurisdiction over the subject matter of the lawsuit.  The plaintiff has the burden of proving subject matter jurisdiction

by a preponderance of the evidence. Moir v. Greater Cleveland Regional Transit Authority, 895 F. 2d 266 (6th Cir. 1990).

Summary judgment under FED. R. CIV. P. 56 is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. Id.

## Discussion

Defendant argues that the waiver provisions in the Resignation bar all of Plaintiff's claims. Plaintiff does not dispute that he consented to and signed the Resignation, but he contends that the waivers only released Defendant from liability for medical damages related to his workers' compensation claim. The Agreement settles all claims for benefits provided for under Michigan's Workers' Compensation Act. However, the language in paragraph three of the Resignation, which Plaintiff executed as part of the settlement of his Workers' Compensation claim, unequivocally covers the all the claims Plaintiff has asserted in this case.

Public policy does not prohibit a valid release from acting as a waiver of a federal statutory cause of action. Shaheen v. B.F. Goodrich Co., 873 F. 2d 105, 107 (6th Cir. 1989). Waivers of employee rights are examined under normal contract principles. Raczak v. Ameritech 103 F. 3d 1257, 1268 (6th Cir. 1997); Shaheen at 107. Thus, "[p]roperly executed waivers of possible employment-related discrimination claims knowingly and voluntarily made between an employee and his employer will be enforced absent the typical exceptions for fraud, duress, lack of consideration or mutual mistake." Shaheen at 107 (addressing the waiver issue as

4

it related to causes of action under the ADEA, the Equal Pay Act, Title VII and Title 42 U.S.C. §1981).  In Thompson v. Plante & Moran, 897 F. Supp. 1010, the court concluded that the reasoning in Shaheen relating to the waiver or release of federal rights also applied to claims under the ADA and the Michigan Handicappers' Civil Rights Act (MCHCRA).  Moreover, under Michigan law there is no express statutory or constitutional prohibition against combining a workmen's compensation settlement and a tort compromise, nor is such a compromise against public policy.   Beardslee v. Michigan Claim Services, Inc. 103 Mich. App. 480, 487, 302 N.W.2d 896, 900 (Mich. App., 1981)

The terms of the Resignation in this case are sufficiently clear so that the nature and extent of both parties' obligations can be easily determined.  Plaintiff, with guidance of counsel, knowingly and voluntarily signed the Resignation as part of a bargained-for settlement by which he received valuable consideration.  He specifically agreed to dismiss his complaint with the Michigan Department of Civil Rights and the EEOC, and the language of the Resignation is sufficiently broad to cover all of the claims Plaintiff is asserting here.[1]  There are no factual allegations which show, or support a reasonable inference, that fraud, duress or mutual mistake was present, particularly as Plaintiff was represented by counsel.  Accordingly. Plaintiff has

---

[1] Although the court concludes that the waiver language in the Resignation encompasses all of Plaintiff's claims, it notes that Plaintiff does not assert 42 U.S.C. § 1983 as a basis for his constitutional claims, nor does he state any claim based upon a constitutional violation.  The Fourth Amendment provides for searches and seizures based only upon probable cause, and the Sixth Amendment guarantees criminal defendants certain rights, such as effective assistance of counsel and the right to confront his accusers, neither of which is applicable under the facts in this case.  The First and Fourteenth Amendments are restraints on the government, not private actors. Public Utilities Commission v. Pollak, 343 U.S. 451, 72 S. Ct. 813, 820, 96 L. Ed. 1068 (1952).  A private entity can be held liable for a constitutional violation only if it acts in concert with the government in the violation. Evans v. Newton, 382 U.S. 296, 299, 86 S. Ct. 486, 15 L. Ed. 2d 373 (1966).  The matter here is purely private.

effectively released the Defendant from all liability for claims arising from Plaintiff's employment situation.  Defendants are entitled to summary judgment under Federal Rule of Civil Procedure 56.

In addition, Plaintiff contends this court has jurisdiction over his claims under 29 U.S.C. § 626(c)(d); 42 U.S.C. § 2000e-f; and 5 U.S.C. 2303(b) and 2301.  Title 5 U.S.C. § 2303 describes certain activities known as whistleblowing, and prohibits adverse actions against federal employees in retaliation for engaging in whistleblowing activities.  Spruill v. Merit Systems Protection Bd., 978 F. 2d 679, 681 (Fed. Cir. 1992).  Because Plaintiff was not a federal employee, the court does not have subject matter jurisdiction under section 2303.  Before filing a complaint in federal court under Title VII, the ADA, and the ADEA, the plaintiff must first file a charge of discrimination with the EEOC and the appropriate state agency.  29 U.S.C. §§ 626(d)-(e);  42 U.S.C. §§ 2000e-5(e)-(f); 42 U.S.C. § 12117.  "'Federal courts do not have subject matter jurisdiction [of such claims] unless the claimant explicitly files the claim[s] in an EEOC charge or the claim can reasonably grow out of the EEOC charge."  Howard v. DaimlerChrysler Corp., 290 F. Supp. 2d 784 (E.D. Mich., 2003) (quoting Jones v. Sumser Ret. Vill., 209 F. 3d 851, 853 (6th Cir. 2000).  Plaintiff clearly has not filed a charge with the EEOC with respect to any claim other than his ADA claim.   Thus, even had Plaintiff not signed the Resignation this court would have subject matter jurisdiction only over the ADA claim.  However, as previously noted, because Plaintiff specifically agreed to dismiss the charge filed with the EEOC and the Michigan Department of Civil Rights asserting discrimination based upon his disability, he is not entitled to assert his ADA claim.

Sanctions

Defendant seeks sanctions against the Plaintiff under Federal Rule of Civil Procedure 11, asking that Defendant be awarded its actual costs and actual attorney's fees. Rule 11 imposes upon parties to a lawsuit an affirmative duty to conduct a reasonable inquiry into both the facts and the law prior to signing and filing a pleading. FED. R. CIV. P. 11(b). If the court determines that Rule 11(b) has been violated, the court may impose sanctions upon the party that has violated the provision. FED. R. CIV. P. 11(c). Rule 11 applies to both attorneys and non-attorneys. See Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533, 548, 111 S. Ct. 922, 112 L. Ed. 2d 1140 (1991) (stating that Rule 11, "speaks of attorneys and parties in a single breath and applies to them a single standard," so that "any signer must conduct a 'reasonable inquiry' or face sanctions."). Nonetheless, there are procedural requirements that must be met before the court can consider whether or not to sanction a party. Rule 11(c)(1)(A) provides that a motion for sanctions must be made separately from other motions or requests. The drafters advise that a "separate" motion is one that is "not simply included as an additional prayer for relief contained in another motion." FED. R. CIV. P. 11 Advisory Committee Notes (1993 Amendments). In addition, a motion for sanctions must be served 21 days before filing the motion with the court. FED. R. CIV. P. 11(c)(1)(A).

The Defendant's request for sanctions under Rule 11 must be denied because the request was not made by separate motion nor served upon the Plaintiff 21 days before filing with the court. Ridder v. City of Springfield, 109 F.3d 288, 296 (6th Cit. 1997) (holding that the 21 day provision is mandatory); Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1329 (2nd Cir.1995) (same); Spencer v. Cohen, 886 F. Supp. 235, 237 (N.D.N.Y.1995) (denying defendant's motion

for sanctions because it did not conform to procedures under Rule 11); Omega Sports, Inc. v. Sunkyong America, Inc., 872 F.Supp. 201, 203 (E.D.Pa.1995) (denying plaintiff's motion for failure to serve motion 21 days before filing it with court); In re VMS Sec. Litig., 156 F.R.D. 635, 641 (N.D.Ill.1994) (denying request for sanctions due to noncompliance with Rule 11).

## Conclusion

For the reasons discussed above, the court DENIES Plaintiff's Motion to Proceed [and] Motion for a discovery conference. The court GRANTS Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and Motion for Summary Judgment pursuant to FED. R. CIV. P. 56(b), and dismisses Plaintiff's claims brought under Title VII, the ADEA, and Title 5 U.S.C. § 2303 pursuant to Rule 12(b)(1); grants summary disposition in Defendant's favor on all other claims pursuant to Rule 56(b); and DENIES Defendant's request for sanctions under Federal Rule of Civil Procedure 11.

So ordered this 15th day of July, 2005.

       /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge